UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DE'ANGELO WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18 CV 612 (JMB) |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court of the petition of De'Angelo Wilson for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I.     Procedural Background**

Petitioner De'Angelo Wilson is presently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri, pursuant to the judgment and sentence of the Circuit Court of Audrain County. On March 20, 2015, petitioner pleaded guilty to domestic assault in the second degree § 565.073, Mo.Rev.Stat. Judgment [Doc. # 15 at 11]; Transcript [Doc. # 15 at 14-22].[1] The Circuit Court of Audrain County found petitioner to be a prior and persistent offender[2] and, in accordance with the parties' plea agreement, sentenced him to a term of ten years' imprisonment. Transcript [Doc. # 15 at 20]; Judgment. The court suspended execution of the

---

[1] Materials in the record are cited with the CM/ECF document number and the page number that appears in the red header.

[2] Petitioner previously pleaded guilty to two separate charges of tampering with a motor vehicle. Information [Doc. #15 at 6].

sentence and placed petitioner on probation for five years. Id. On October 16, 2015, petitioner pleaded guilty to three new charges and admitted that he violated the terms of his probation.[3] Transcript [Doc. #15 at 23-44]. The circuit court ordered execution of petitioner's ten-year sentence. Id. at 29-30. Petitioner did not file a direct appeal but timely filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied on June 28, 2017. Order [Doc. # 15 at 80-83]. On February 20, 2018, the Missouri Court of Appeals affirmed the denial of post-conviction relief. Wilson v. State, No. ED105775 (Mo. Ct. App. February 20, 2018) [Doc. # 12-3]. On April 16, 2018, petitioner timely filed his § 2254 petition, in which he asserts four claims challenging the validity of his guilty plea to second-degree domestic assault. [Doc. #1].

## II.     Factual Background

On March 20, 2015, petitioner pleaded guilty to one count of second-degree domestic assault, arising from his conduct on December 7, 2014. During the plea proceedings, the court asked petitioner if he understood that by pleading guilty he was admitting all the essential elements of the charge against him. [Doc. # 15 at 16]. Petitioner answered that he so understood. The court then reviewed the elements of the second-degree domestic assault charge against petitioner: (1) petitioner recklessly caused serious physical injury to the victim T.P. by biting and kicking her; (2) they were family or household members; and (3) they were adults who were or had been in a continuing social relationship of a romantic or intimate nature. When asked by the court, petitioner admitted these elements. Id. at 16-17. Petitioner also

---

[3] Petitioner pleaded guilty to misdemeanor fraudulent use of a credit or debit device, Case No. 15AU-CR00395-01; first-degree tampering with a motor vehicle, Case No. 15AU-CR00498-01; and identity theft and misdemeanor fraudulent use of a credit or debit device, Case No. 15AU-CR00413-01. The court imposed concurrent sentences on all charges to which petitioner pleaded guilty that day. [Doc. # 15 at 28-30].

2

acknowledged that he was charged as a prior and persistent offender based on two prior felony convictions.[4]

At the court's direction, the prosecutor recited the facts that would have been proven at trial: On December 7, 2014, police officers spoke with victim T.P. at the hospital in Mexico, Missouri. T.P. told the officers that petitioner had been her boyfriend for approximately six months. On the day of the assault, she reported, petitioner instigated an argument. She left the house and went to a neighbor's home. Petitioner followed her into the neighbor's kitchen. T.P. told the officers that petitioner "rushed her and she put her hands up to protect herself and [petitioner] grabbed her shoulders using both hands [to pull] her towards him." Petitioner "bit her nose" and "then pushed her to the ground." Once T.P. was on the ground, petitioner kicked her in the left rib cage, shoulder, and head. [Doc. # 15 at 18-19]. The officers observed a laceration on T.P.'s right nostril, what appeared to be a small puncture mark on her left nostril, abrasions on her neck, a baseball-sized red mark on her back between her shoulders, and baseball-sized bruises on both arms. Id. at 19-20. In response to a question from the court, petitioner stated that he agreed with these facts. Based on petitioner's statements under oath, the court found that there was a factual basis for his guilty plea, that he understood the nature of the charge, and that his plea was voluntary and unequivocal. Id. at 20.

Appointed counsel presented a single claim during petitioner's postconviction proceedings: that he was denied due process of law when the state court accepted his guilty plea because a factual basis for the offense of second-degree domestic assault was not established. PCR motion [Doc. # 15 at 71-75]. The same claim was properly presented on appeal from the denial of postconviction relief. Appellate brief [Doc. # 12-1].

---

[4] Petitioner acknowledged that he was convicted of felony tampering with a motor vehicle in 2006 and felony domestic assault in 2008. [Doc. # 15 at 17].

### III. Legal Standards

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 544 U.S. at 141; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the

refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410–11). When reviewing whether a state court decision involves an "unreasonable determination of the facts," state court findings of "basic, primary, or historical facts" are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. Collier v. Norris, 485 F.3d 415, 423 (8th Cir. 2007) (citations omitted); 28 U.S.C. § 2254(e)(1). Erroneous findings of fact by the state courts do not ensure the grant of habeas relief. Rather, the determination of these facts must be unreasonable in light of the evidence of record. Sittner v. Bowersox, No. 4:12 CV 1156 CDP, 2017 WL 5518025, at *3 (E.D. Mo. Nov. 17, 2017) (citing Collier, 485 F.3d at 423).

### IV. Discussion

Petitioner's challenge to his conviction and sentence is based on his assertion that the facts he admitted to at his plea hearing did not satisfy the "serious physical injury" element of the offense of second-degree domestic assault. Under Missouri law, "serious physical injury" is defined as "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." § 556.061(44), Mo. Rev. Stat. The three categories of serious physical injury encompass different types of injuries. State v. Hughes, 469 S.W.3d 894, 900 (Mo. Ct. App. 2015). Thus, "substantial risk of death" suggests seriousness in an urgent medical sense; "serious disfigurement" suggests seriousness in a more aesthetic sense but does not require permanent disfigurement; and "protracted loss or impairment of the function of any part of the body" suggests a relatively minor physical injury that bothers a victim for a long time. See id. The Missouri Court of Appeals held that petitioner's admission during the plea colloquy that he

caused T.P. "serious physical injury" was sufficient to establish a factual basis for his guilty plea and that further description of T.P.'s injuries was unnecessary. [Doc. # 12-3 at 7-8].

Petitioner purports to raise four separate grounds for relief in this habeas action. In actuality, his four grounds overlap to a large degree and are all based on the assertion that the facts did not establish that he caused T.P. serious physical injury. Thus, in Ground 1, petitioner asserts that his due process rights were violated because his guilty plea was not knowing and voluntary; in Ground 2, he asserts that the elements of conviction were not satisfied; and in Ground 3, he asserts that he received ineffective assistance of counsel and that the trial court violated his due process rights by accepting his plea. In Ground 4, he restates his assertion that there were not sufficient facts presented to establish the elements of second-degree domestic assault. As addressed below, only petitioner's due process claim is properly before this Court.

"'Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules.'" Arnold v. Dormire, 675 F.3d 1082, 1086–87 (8th Cir. 2012) (quoting Beaulieu v. Minnesota, 583 F.3d 570, 573 (8th Cir. 2009)). Only petitioner's due process claim was presented to the state courts and thus he has procedurally defaulted the other claims. Federal habeas review of these claims is barred unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991), holding modified by Martinez v. Ryan, 566 U.S. 1 (2012). Petitioner does not argue that he can satisfy either avenue to lifting the procedural bar. Thus, the sole claim properly before this Court is his due process challenge asserted in Ground 3.

6

Petitioner faces a further barrier to federal habeas review. Unless there is a claim of innocence, as in an Alford plea, there is not a federal constitutional requirement that a guilty plea have a factual basis.[5] See Wabasha v. Solem, 694 F.2d 155, 157 (8th Cir. 1982); see also United States v. Tunning, 69 F.3d 107, 111 (6th Cir. 1995) ("The requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes.") Missouri Supreme Court Rule 24.02(e) requires a court to determine that there is a factual basis before entering judgment on a guilty plea. Here, the Missouri Court of Appeals determined that there was a factual basis for each element of second-degree domestic assault. [Doc. # 12-3 at 6-7].

Even if petitioner could establish that the Missouri court misapplied state law in reaching this determination — which he cannot do — this Court cannot grant him relief. "On habeas review, a federal court is not permitted to review whether a plea colloquy conformed with the strictures of state rules, but only whether it comported with the requirements of constitutional due process." Holtgreive v. Curtis, 174 F. Supp. 2d 572, 582–83 (E.D. Mich. 2001) (quoting Ramos v. Rogers, 170 F.3d 560, 563 n. 2 (6th Cir. 1999)); see also McCauley v. Bowersox, No. 4:13-CV-872 NAB, 2016 WL 5661612, at *7 (E.D. Mo. Sept. 30, 2016) (finding claim that plea court accepted guilty plea without a factual basis is not cognizable); Moore v. McGuire, No. 4:09CV1342 RWS TIA, 2012 WL 4479115, at *3 (E.D. Mo. July 16, 2012), report and recommendation adopted, 2012 WL 4479110 (E.D. Mo. Sept. 28, 2012) (finding claim that there was inadequate factual basis for claim was not cognizable).

---

[5] An Alford plea allows a defendant to enter a guilty plea acknowledging there is strong evidence of his guilt and there is a likelihood of conviction should he proceed to trial while claiming innocence of the charged offense. North Carolina v. Alford, 40 U.S. 25, 37–38 (1970). Under Alford, a court may accept a guilty plea from a defendant who maintains his innocence, provided it finds an adequate factual basis for the plea. Easter v. Norris, 100 F.3d 523, 525 (8th Cir. 1996). Petitioner did not enter an Alford plea.

Finally, petitioner is not entitled to relief on his claim that the state court violated his due process rights by accepting his guilty plea. A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination. See Parke v. Raley, 506 U.S. 20, 29 (1992) (citing Boykin v. Alabama, 395 U.S. 238, 243 (1969)). For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege." McCarthy v. United States, 394 U.S. 459, 466 (1969). To prove that his plea was not a knowing and voluntary plea, petitioner must show that he did not make "a voluntary and intelligent choice among the alternative courses of action." Weisberg v. State of Minn., 29 F.3d 1271, 1278 (8th Cir. 1994) (citation omitted). A defendant's representations during the plea-taking "carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Ingrassia v. Armontrout, 902 F.2d 1368, 1370 (8th Cir. 1990) (internal quotation and citation omitted).

The record establishes that petitioner made "an intentional relinquishment" of his rights. The plea court fully informed petitioner of the rights he was giving up by entering a guilty plea, including the rights to a jury trial, to a presumption of innocence, to confront the witnesses against him and to call his own witnesses, and to remain silent. [Doc. # 15 at 15-16]. The court asked petitioner if he understood that by pleading guilty he would be giving up these rights. Petitioner answered that he understood and that he wished to plead guilty. The record also establishes that petitioner made a "a voluntary and intelligent choice among the alternative courses of action." The plea court explained the charge to petitioner and asked if he understood the elements. Petitioner answered that he understood. The court also reviewed petitioner's criminal history and asked if he understood that he was charged as a prior and persistent felony

8

and petitioner answered that he understood.  Id. at 16-17.  The court next asked whether anyone had made threats or promises to induce him to plead guilty.  Petitioner denied that anyone had done so.  The court informed petitioner that he could be sentenced to up to fifteen years' imprisonment and that no one could promise him what his sentence could be.  Petitioner stated that he understood.  Finally, the court determined that petitioner was not under the influence of alcohol or drugs and was able to understand all the court's questions.  Id. at 17-18.  After petitioner agreed with the prosecutor's statement of the facts establishing the offense, the court found that there was a factual basis for the plea, that petitioner understood the nature of the charge, and that petitioner's plea was voluntary and unequivocal.  Id. at 20.  The court accepted the plea and, in accordance with the parties' plea agreement, imposed a ten-year term of imprisonment, suspended the execution of that sentence, and placed petitioner on probation for five years.  Id. at 20.

The record establishes that petitioner made a knowing and voluntary decision to enter a guilty plea to the charge of second-degree domestic assault and petitioner has failed to establish that he is entitled to relief under 28 U.S.C. § 2254.

\* \* \* \* \*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the petition of De' Angelo Wilson for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. # 1] is **denied**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued, because petitioner has not made a substantial showing of the denial of a constitutional right.  See 28

U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 123 S. Ct. 1029, 1040 (2003) (standard for issuing a certificate of appealability).

A separate Judgment will accompany this Memorandum and Order.

        **/s/ *John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of July, 2019.